IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMAL BAKR, #R-40503,            )
                                 )
         Plaintiff,              )
                                 )
vs.                              )   CIVIL NO. 10-627-MJR
                                 )
ROGER E. WALKER, *et al.*,       )
                                 )
         Defendants.             )

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Jamal Bakr, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 50 year sentence for murder, and 10 years for aggravated battery. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**The Complaint**

Plaintiff filed his original complaint (Doc. 1) on August 16, 2010. He then filed a Motion for Leave to File Amended Complaint (Doc. 6) on December 20, 2010, and included his proposed First Amended Complaint, as is required by Local Rule 15.1. Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" Defendants have not yet been served with the complaint, as this case has been awaiting threshold review. Therefore, Plaintiff's Motion for Leave to File Amended Complaint (Doc. 6) is **GRANTED**.

Plaintiff's First Amended Complaint outlines two counts, both relating to a disciplinary

report issued to the Plaintiff on August 22, 2008, for Conspiracy to Assault any Person and three other infractions. Plaintiff's first count claims that he was denied due process in the disciplinary hearing, and the second count claims equal protection violations by the administrators who denied Plaintiff's grievance challenging the recommended disciplinary sanctions.

**Discussion**

The Court will adopt the Plaintiff's designation of his pro se claims into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Denial of Due Process in Disciplinary Hearing**

Plaintiff contends that Defendants Hulick, Parnell and Tovar violated his substantive due process rights by denying Plaintiff's request to call witnesses at his disciplinary hearing and failing to consider Plaintiff's statement in his defense; failing to provide a consistent and clear statement of evidence; and failing to conduct an impartial disciplinary hearing. Defendants Parnell and Tovar made up the Adjustment Committee that conducted the hearing, and Defendant Hulick, the former Warden, approved their recommendation for one year in segregation as well as other punishment including a loss of good conduct credit.

In *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984), the Seventh Circuit held that no Fourteenth Amendment claim is stated when an inmate who is falsely accused of an infraction is given a subsequent hearing on those charges, if the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Seventh Circuit reasoned that prisoners have a right "to be free from arbitrary actions of prison officials," *id.* at 1140, but

determined that the procedural protections outlined in *Wolff* provided the appropriate protection against arbitrary actions taken by a correctional officer such as issuing the inmate a fabricated conduct violation.  In the instant complaint, Plaintiff does not claim that his disciplinary ticket was fabricated, but contends that the hearing process was flawed.  Plaintiff argues that he was *not* provided the procedural protections outlined in *Wolff* because he was not permitted to call witnesses, his statement was not considered, the Defendants failed to provide a consistent statement of evidence presented in the hearing, and the hearing was not conducted in an impartial manner.  Therefore, Plaintiff would appear to claim that the denial of procedural due process in the disciplinary hearing which resulted in his confinement in segregation, deprived him of his substantive right "to be free from arbitrary actions of prison officials."

In *Sandin v. Conner*, 515 U.S. 472 (1995), however, the Supreme Court of the United States rejected an argument that "any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause." *Id*. at 484.  Furthermore, the Supreme Court held that while a state could create a liberty interest protected by the Due Process Clause, such interests were limited to cases where the discipline imposes an "atypical, significant deprivation" on the inmate in relation to the ordinary incidents of prison life - especially totally discretionary types of confinement such as administrative segregation and protective custody.  *Id*. at 486.

In light of *Sandin*, the Seventh Circuit has observed that "the right to litigate disciplinary confinements has become vanishingly small."  *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).  Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

This Court understands *Sandin* and *Wagner* as holding that even a prisoner's arbitrary confinement in disciplinary segregation, administrative segregation, or protective custody does not implicate any liberty interest - under either the Due Process Clause or state law (even if such confinement is arbitrary) - so long as the confinement itself does not constitute an "atypical, significant deprivation." A particular confinement is "atypical [and] significant" only if the conditions under which the inmate is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner*, 128 F.3d at 1175. If the inmate is housed at the most restrictive prison in the state, the inmate must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.*

In the case currently before the Court, nothing in the complaint or exhibits suggests that the conditions that Plaintiff had to endure because of being found guilty of the conduct violations were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Nor does a demotion to C-grade or yard restriction give rise to a due process claim. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges). Therefore, Plaintiff has failed to state a constitutional claim for the alleged flaws in his disciplinary hearing and the punishments described above.

However, Plaintiff's documentation also shows that he lost some good conduct credit as a disciplinary sanction. The loss of good conduct credit implicates a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff does present a cognizable due process claim regarding the good time credit revoked in this disciplinary

proceeding. This Court, however, cannot address such a claim at this time.

The proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Accordingly, the claim in Count One is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

**Count 2 - Denial of Grievance on Disciplinary Action ("Equal Protection")**

Plaintiff further claims that Defendants Walker, Cowan, Hulick, and Benton denied him equal protection under the law when they denied his grievance challenging the disciplinary sanctions and alleged due process violations described above. Defendants Cowan and Hulick approved the recommendations of the Adjustment Committee after the disciplinary hearing and denied Plaintiff's grievance. Defendant Benton, of the Administrative Review Board, denied Plaintiff's grievance. Defendant Walker, IDOC Director, approved the denial of the grievance. Plaintiff complains that the grievance was denied based on "irrelevant unrelated facts," and that Defendants ignored the denial of due process by the Adjustment Committee.

First, the allegations Plaintiff makes are not in the nature of an equal protection claim, but should be characterized as another due process claim. Unfortunately, there is no denial of due

process where a prisoner has access to a grievance procedure and obtains review, as Plaintiff did here. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Moreover, Plaintiff has no constitutional right to have his grievance resolved in his favor. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired).

The Defendants considered Plaintiff's grievance, and in the course of this consideration, did dismiss one charge and reduce the loss of good conduct credits, but upheld the other disciplinary sanctions. Plaintiff's allegations in Count Two do not state a claim upon which relief may be granted, and must be dismissed with prejudice.

**Pending Motions**

Plaintiff filed on December 20, 2010, a Motion for Appointment of Officer Before Whom Written Depositions May Be Taken (Doc. 5). This motion is **DENIED AS MOOT.**

As noted above, Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 6) is **GRANTED**; however, said complaint must be dismissed.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT ONE** against **DEFENDANTS HULICK, PARNELL** and **TOVAR** is **DISMISSED** without prejudice. Plaintiff may re-file any claim for

revocation of his good conduct credit in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

**IT IS FURTHER ORDERED** that **COUNT TWO** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice. Defendants **WALKER, COWAN** and **BENTON** are **DISMISSED** from this action with prejudice.

The dismissal of this action shall **not** count as one of Plaintiff's "strikes" under 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:** 3/11/2011

s/ Michael J. Reagan
 **U.S. District Judge**